IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**DANIEL JOLY**                                                                                            **PLAINTIFF**

**V.**                                                                             **CIVIL ACTION NO.: 20-455**

**GULF COAST AUTO GROUP, INC., F/K/A
GULF COAST AUTO GROUP, LLC, JS HARVEY,
MARC HEITER, ASHLEY D. ALLEN,
ERIC JOHNSON, MOHAMED SHAKORA,
and JOHN DOE DEFENDANTS 1-10**                                           **DEFENDANTS**

## COMPLAINT

COMES NOW, Plaintiff, Daniel Joly, by and through undersigned counsel, and files his Complaint against the Defendants, Gulf Coast Auto Group, Inc., f/k/a Gulf Coast Auto Group, LLC, JS Harvey, Marc Heiter, Ashley D. Allen, Eric Johnson Mohamed Shakora, and John Doe Defendants 1-10, and in support thereof, would respectfully show unto the Court the following, to wit:

1.

Plaintiff, Daniel Joly is an adult resident of the State of Colorado whose address is 55 Village Road, Avon, Colorado.

2.

Defendant, Gulf Coast Auto Group, Inc., is an Alabama Corporation organized and operating pursuant to the Alabama Business Corporation Law and authorized to do and doing business in the State of Alabama, with its principal office address at 2909 Government Blvd. Mobile, AL 36606. Defendant Gulf Coast Auto Group, Inc. was formerly known as Gulf Coast Auto Group, LLC at all relevant times herein. Upon information and belief, Gulf Coast Auto Group, LLC was not a Limited Liability Company registered with the Alabama Secretary of

State at all relevant times herein. Rather, Gulf Coast Auto Group, Inc. was formed approximately one month later, on October 15, 2018.

3.

Defendant, JS Harvey, is an adult resident of Baldwin County, Alabama, of the full age of majority. Further, at all times relevant hereto Defendant Harvey served as the named incorporator of Gulf Coast Auto Group, Inc.

4.

Defendant, Marc Heiter, is an adult resident of Baldwin County, Alabama, of the full age of majority. At all times relevant hereto, Defendant Heiter was employed as the general sales manager at Gulf Coast Auto Group, Inc.

5.

Defendant, Ashley D. Allen, is an adult resident of Baldwin County, Alabama, of the full age of majority. At all times relevant hereto, Defendant Allen was employed as business Development Director at Gulf Coast Auto Group, Inc.

6.

Defendant, Eric Johnson, is an adult resident of Baldwin County, Alabama, of the full age of majority. Further, at all times relevant hereto, Defendant Johnson served as a salesperson of Gulf Coast Auto Group, Inc.

7.

Defendant, Mohamed Shakora, is an adult resident of Baldwin County, Alabama of the full age of majority. Further, at all times relevant hereto Defendant Shakora served as the Director and Registered Agent of Gulf Coast Auto Group, Inc.

8.

Jurisdiction and venue are proper in this Honorable Court pursuant to 28 U.S. Code § 1332 as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and further there is complete diversity of citizenship between the Plaintiff and Defendants.  Further, venue is appropriate in this Honorable Court pursuant to 28 U.S. Code § 1391  because a substantial part of the tortious acts and/or omissions giving rise to this claim took place within this judicial district, and one or more defendants reside in this district.

9.

On or about September 15, 2018, the Plaintiff Daniel Joly purchased a 2006 Porsche 911 4S, VIN:WP0AB29916S740973 ("the Porsche"), from Defendant, Gulf Coast Auto Group, LLC, for the sum of $33,500.00.  After the sale, and having put less than 800 miles on the Porsche, the vehicle's IMS bearing imploded.  The Plaintiff discovered that the vehicle had not been maintained, and was not in the condition that the Defendants and/or its employees stated in the vehicle description, and to the Plaintiff personally, both verbally and via email.[1]

## COUNT ONE: FRAUDULENT MISREPRESENTATION and SUPPRESSION

10.

The Defendants willfully and fraudulently misrepresented to the Plaintiff the condition of the Porsche and thereby fraudulently induced the Plaintiff to purchase the vehicle. The Defendants willfully misrepresented the true condition of the Porsche in the Defendant's advertisement in order to induce the Plaintiff to purchase the Porsche.  As a result, the Plaintiff subsequently relied on the Defendants' misrepresentations, did in fact purchase said Porsche, and suffered significant monetary damages as a result.

11.

The Defendants' intent to deceive and reckless disregard for the truth is further shown by Defendants' suppression of crucial information to Plaintiff concerning the actual condition of the Porsche before the sale. The Defendants' continued suppression of the fact that the Porsche was never in the condition as advertised during the sales negotiation with the Plaintiff clearly shows the Defendants' intent to deceive.

12.

Despite the Defendants deliberately having made fraudulent misrepresentations and suppression of the facts to Plaintiff in order to induce the Plaintiff to purchase the Porsche, and the Defendants having been paid the agreed upon sale price of $33,500.00, and the Plaintiff having suffered damages as a result, the Defendants have not offered to make any warranty repairs to the Porsche or made any good faith attempt to do any warranty work after repeated demands.

### COUNT TWO: BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE

13.

As a direct result of the Defendants' fraudulent misrepresentations and suppression of facts to the Plaintiff, and the Plaintiff's reliance thereon, the Plaintiff has suffered damages in violation of both state and federal law.

14.

The Defendants, upon information and belief, operate a business as a *de facto* automobile dealer by listing automobiles for sale by fraudulently holding themselves out to be a duly licensed LLC under the laws of the State of Alabama. As a direct result of the Defendants'

---

[1] See Statement of Findings by Master Technician Harald Zoeller, attached hereto as Exhibit "A."

willful misrepresentation and/or suppression of the true condition of the Porsche and subsequent beach of implied warranties, of merchantability and fitness for a particular purpose, the Plaintiff has suffered damages as shown herein and above.

## COUNT THREE: BREACH OF MAGNUSON-MOSS WARRANTY ACT

15.

In the alternative, Plaintiff is entitled to relief under the Magnuson-Moss Act for the purchase price for the Porsche, along with other damages associated with the sale, such as shipping costs, storage fees, cost of repairs to the vehicle, court costs, litigation cost and attorneys fees.

## COUNT FOUR:  BREACH OF CONTRACT

16.

Plaintiff agreed to purchase the Porsche for $33,500.00 based on the Defendants having personally misrepresented the mechanical condition of the Porsche to the Plaintiff.  Once the Plaintiff learned the true condition of the Porsche and the Plaintiff notified the Defendants of his rejection, the Defendants failed to make any attempt to repair to said Porsche.  Plaintiff incurred substantial expense in repairing these defects and suffered damages as the result of Defendants' breach.  Accordingly, Defendants breached the contract, and Plaintiff is entitled to damages.

**WHEREFORE**,  Plaintiff requests the following damages against the Defendants:

(a) Compensatory Damages in the amount of $75,000.00;

(b) Punitive Damages in the amount of $50,000.00;

(c) Costs, expenses and reasonable attorneys fees;

(d) Prejudgment and post-judgment interest;

(e) Such other relief as the Court deems appropriate.

Respectfully submitted, this 14th day of September, 2020.

>DANIEL JOLY
>PLAINTIFF
>
>BY:   LUGENBUHL
>
>By:   */s/ Todd G. Crawford*
>         Todd G. Crawford (ASB-7688-R70T)
>         LUGENBUHL, WHEATON, PECK
>         RANKIN & HUBBARD
>         2501 14th St., Suite 202
>         Gulfport, MS 39501
>         Telephone: (228) 206-0033
>         Email:  tcrawford@lawla.com
>         *Attorneys for Plaintiff, Daniel Joly*